O’NIELL, C. J.
 

 (dissenting). I do not find any authority for the proposition that, in a suit to declare a marriage ceremony null, on the allegation of the plaintiff that his consent to the marriage was obtained by duress and fear, and that he has refused to live with the defendant, she is not allowed, by way of a petition in reconvention, to ask for a decree of separation from bed and board, on the ground of abandonment, and for alimony during the pendency of the suit. I concede that, in such case, the wife, must pray, in her demand in recbnvention, for service of the three reiterated summonses upon her husband, directing him to return to her or to receive her as his wife, as required by articles 143 to 145 of the Civil Code. That was the purport of the decision in Bienvenu v. Buisson, 14 La. Ann. 386. And that is the way that the defendant proceeded in this case. I concede also that the husband, as defendant in the reconventional demand, should not be compelled to answer the summons to return to his wife, or be served with the summons, until the court has decided whether the marriage is valid. If it should be decided that the marriage is not valid, the wife’s demand in reconvention, for a decree of separation from bed and board is, of course, unavailing. If it should be decided that the marriage is valid, then the wife is entitled to the service of the three reiterated summonses directing the husband to return to her.
 

 To say that a man who has abandoned his wife,, and who refuses to live with her, may prevent her suing him for a decree of separation from bed and board, on the ground of abandonment, and for alimony during the pendency of the suit, by suing her first for an annulment of the marriage, is the same
 
 *803
 
 as to say that the marriage in ,such case is presumed to be null until it is proven to be valid.
 

 If the wife, in this case, should bring an independent action against her husband for separation from bed and board, on the ground of abandonment, the husband’s defense would be that the marriage ceremony was obtained by duress and fear, and that the marriage should be annulled. The validity of the marriage, in such case, would have to be determined before the plaintiff could proceed with her suit for a decree of separation from bed and board, because a suit for divorce or for separation from bed and board is founded, essentially, upon the presumption that the marriage is valid. But the husband, in such case, could not, by merely pleading or alleging that the marriage contract should be annulled, put his wife’s suit for divorce or for separation from bed and board out of court, and deprive her of the right to alimony until it could be finally determined whether he had the right to have the marriage annulled.
 

 If Mrs. Monteleone had sued her husband for separation from bed and board, before he sued her to have the marriage annulled, he would have had the right to demand, by way of reconvention in her suit, that the marriage should bfe annulled ab initio, instead of being dissolved by divorce. But the husband’s mere pleading that the marriage ghould be annulled, in such case, would not throw the wife’s suit out of court, and shut off her right to alimony.
 

 The purport and effect of the decision rendered in this case is that a man who has abandoned his wife and refuses to live with her may prevent her suing him for a separation from bed and board, and for alimony, by suing her first, to have the marriage annulled. There is no reason why that should be the law.
 

 Article 374 of the Code of Practice defines a reconventional demand as one which the defendant institutes in consequence of that which the plaintiff has brought against him. Article 375 declares that all that is necessary to entitle a defendant to institute a re-conventional demand in the suit against him is “that such demand, though different from the main action, be * * necessarily connected with and incidental to the same.” And article 377 declares that, whenever a defendant has such a demand against one who has sued him, he “may plead it either as an exception in his answer to the principal demand, or institute a distinct and separate demand before the court in which the main action is pending; and the original plaintiff shall be bound to, answer without pleading to the jurisdiction of the court, even if he has his domicile elsewhere, provided the court be competent.”
 

 I cannot imagine a case where the two demands could be more closely connected and dependent upon, each other than they are here, where one party to the suit is demanding that the marriage be annulled and the other is demanding a divorce or separation from bed and board. In such case, both demands depend absolutely upon a decision of the one question, whether the husband’s consent to the marriage was given freely or under duress. If the consent was given freely, the marriage is valid and the wife has the right to proceed with her suit for separation from bed and board, by service of the summonses directing the husband to return to her. If his consent to the marriage was obtained by duress, he is entitled to an annulment of the marriage, and the wife’s demand for separation from bed and board fails.
 

 It is said in the brief filed in support of Mrs. Monteleone’s application for rehearing in this case that an examination of the record in the suit of Bienvenu v. Buisson, in the archives of this court, discloses that the reconventional demand for a separation from bed and board, in that case, was not made upon the ground of abandonment, but upon
 
 *805
 
 the ground of public defamation. Be that as it may, the ruling was merely that the defendant’s reeonventional demand-supposing that it was on the ground of abandonment-—• was out of order, because the defendant had not proceeded according to the requirements of articles 143 and 145 of the Civil Code, by asking for the three reiterated summonses to be served upon the plaintiff, directing her to return to him. That is how the decision was construed in Ashton v. Grucker, 48 La. Ann. 1194, 1202, 20 So. 738, 741, where it was said:
 

 “In the Bienvenu Case defendant was evidently seeking to obtain a separation from bed and board on the ground of abandonment of the wife by direct proof of the abandonment administered on the trial, without having had recourse to the various summonses and orders to return, prescribed by the Code.”
 

 In this case, Mrs. Monteleone did ask to have “recourse to the various summonses and orders to return, prescribed by the Code.”
 

 In the Ashton Case, the husband sued for a separation from bed and board on the ground that his wife’s jealous disposition had made his living with her unbearable. In answer to the suit, she averred that the quarrels had been brought about by his improper attentions to another woman, and, assuming the position of plaintiff in reconvention, she prayed for a decree of separation from bed and board on the ground that her husband had abandoned her. The court found that her jealousy was justified by her husband’s improper attentions to the, other woman, and therefore rejected his demand for a decree of separation. In the meantime, the wife had had the three reiterated summonses served upon him, directing him to return to her. The question was whether the court should then give effect to the husband’s having failed to comply with the summonses, and give the wife a decree of separation from bed and board, on the ground of abandonment. The court declined to give effect to the summonses that had been served while the original or main demand was pending,- and declined to order new summonses to issue, because the quarrels that had occurred were not so serious, and because, as the court said, “every possible opportunity should be afforded the parties to reconcile their differences.” The question whether the defendant was entitled to alimony during the pendency of the suit was not decided, and .in fact was not an issue in the case. Here is what the court said of the reeonventional demand (page 1202 [20 So. 741]), viz.:
 

 “The various summonses to the husband to-return were made during the pendency of the present, suit, in support of the reeonventional demand. Our decision in this case being a rejection of plaintiff’s demand, carrying with it a conclusion that he was nfot warranted in withdrawing .from the matrimonial domicile, it may be claimed that we could and should now give effect to the summons made during the suit, or reject the plaintiff’s demand and leave the re-conventional demand standing for future summons. We have no right to say that plaintiff would not be willing, upon the rendition of this» judgment, to become reconciled to his wife and return to her. It would be against the policy of the law that he should find himself confronted by a judgment of separation from bed and board in favor of his wife on account of abandonment, based upon neglect or refusal to return upon the summons made when the propriety of his own course and the conduct of his wife was at the very time being made the subject of judicial investigation. We do not think he should be placed, finally, in default pending the litigation, but that the summons upon him should be made only after the termination of his own suit, leaving him free to act from that time forward. We think every possible opportunity should be afforded the parties to reconcile their differences on that ground, if no other; we would not be inclined, even if it were allowable, to permit the reeonventional demand to stand with a right to make new summons under it after plaintiff’s demand had been rejected.”
 

 it is true that the court assumed, in the decision quoted, that a reeonventional demand for a decree of separation from bed and board on the ground of abandonment was not allowable in any case. But the assumption was not founded upon either au
 
 *807
 
 tliority or reason, and is not at all appropriate
 
 to
 
 this case,
 
 where
 
 the only question at issue is whether the marriage is valid, and where a decision of that question will, necessarily, either entitle the wife to proceed with her demand for a decree of separation from hed and board or forever end her suit.
 

 The decisions cited in the majority opinion in this case, to the effect that the wife is not entitled to alimony during the pendency of a suit to annul the marriage, are not appropriate to (this ease, because, in the cases cited, there was no reconventional demand for a divorce or for a decree of separation from hed and board.
 

 ■ My opinion is that the defendant in this case, as plaintiff in reeonvention, is entitled to alimony for her support and for the support of her child during the pendency of the suit. s